IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FARIDA IBRAHIM, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 8:22-cv-02545-PX |
| STARBUCKS CORPORATION, | * | |
| Defendant. | * | |

\*\*\*

### MEMORANDUM OPINION

Pending in this employment discrimination case is the motion to dismiss Count I of the Complaint filed by Defendant Starbucks Corporation ("Starbucks"). ECF No. 7. Plaintiff Farida Ibrahim has not responded to the motion, and no hearing is necessary. *See* D. Md. Loc. R. 105.6. For the following reasons, the motion must be granted.

**I.   Background[1]**

Ibrahim, a black female of Ethiopian descent, is a former employee of Starbucks. ECF No. 2 ¶¶ 3, 13. Starbucks hired Ibrahim on December 19, 1996. *Id.* ¶ 13. In short order, Starbucks promoted Ibrahim to Store Manager, a position she held for over two decades. *Id.* Throughout her employment, Ibrahim consistently performed her responsibilities at a satisfactory level. *Id.* ¶ 14.

In or around September 2019, Starbucks hired Brigette Herbert, who identifies as Caucasian American, to be Ibrahim's supervisor. *Id.* ¶ 16. The following June, Herbert reprimanded Ibrahim in writing for reasons not altogether clear. *Id.* ¶ 17. The written reprimand had been termed a "final warning" even though Ibrahim had received no prior warnings. *Id.*

---

[1] The Court construes the averred facts in the light most favorable to Ibrahim. *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

Five months later, on November 23, 2020, Herbert issued Ibrahim a "Notice of Separation" for purportedly violating the company's "Complaint Procedure and Food Safety Standards" and failing to properly discipline her subordinates. *Id.* ¶ 21. The separation notice stemmed from Ibrahim's resolution of an employee-on-employee dispute involving the use of a non-racial "slur." *Id.* ¶¶ 18, 22. Ibrahim and another supervisor involved in the incident handled the matter in the same fashion as they had done previously as managers. *Id.* ¶ 20. However, whereas Ibrahim was terminated, the other supervisor, who is not Black or Ethiopian, remained employed with Starbucks. *Id.* ¶ 23.

Based on these events, Ibrahim filed a timely Charge of Discrimination with the Maryland Commission on Civil Rights ("MCCR") on June 14, 2021, in which she describes having been "discriminated against based on my national origin (Ethiopian)." *Id.* ¶ 11; ECF No. 7-2 at 6. The charge also expressly states that Ibrahim had been treated adversely on account of her Ethiopian heritage and as compared to her "non-Ethiopian co-worker." ECF No. 7-2 at 6. At no point in the narrative does Ibrahim mention discrimination based on race, nor does she mark the box indicating that she intends to bring a "race" discrimination charge. *Id.*

Although it is unclear what became of the formal charge, Ibrahim next filed suit on August 2, 2022, in Montgomery County Circuit Court, alleging that Starbucks discriminated against her based on race (Count I) and national origin (Count II), in violation of the Maryland Fair Employment Practices Act ("MFEPA"), Md. Code Ann., State Gov't § 20-601, *et seq*. ECF No. 2. Starbucks, in turn, removed the action to this Court and moved to dismiss solely Count I for failure to state a claim. ECF Nos. 1 & 7. Ibrahim has not responded to the motion. For the following reasons, the motion is granted.

## II.   Standard of Review

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). The Court accepts "the well-pled allegations of the complaint as true," and construes all facts and reasonable inferences most favorably to the plaintiff. *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). To survive a motion to dismiss, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). The Court must be able to deduce "more than the mere possibility of misconduct"; the facts of the complaint, accepted as true, must demonstrate that the plaintiff is entitled to relief. *See Ruffin v. Lockheed Martin Corp.*, 126 F. Supp. 3d 521, 526 (D. Md. 2015) (quoting *Iqbal*, 556 U.S. at 679), *aff'd in relevant part*, 659 F. App'x 744 (4th Cir. 2016).

## III.   Analysis

Starbucks urges dismissal of the race discrimination claim because Ibrahim failed to exhaust the claim in her MCCR formal charge. ECF No. 7-1 at 6–7. MFEPA incorporates the exhaustion requirements of Title VII of the Civil Rights Act of 1964. *Marshall v. Anne Arundel Cnty., Md.*, No. ELH-18-74, 2019 WL 568676, at *10 (D. Md. Feb. 12, 2019); *see also Crockett v. SRA Int'l*, 943 F. Supp. 2d 565, 574 n. 5 (D. Md. 2013) (noting that MFEPA claims are judged "under the same standards as Title VII"). Under Title VII, claims "reasonably related" to those described in the administrative charge are considered exhausted. *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000). Although the failure to "check the box" on the administrative complaint form alone will not defeat a claim, *Westmoreland v. Prince George's Cnty.*, No. TDC-14-821, 2015 WL 996752, at *9 (D. Md. Mar. 4, 2015), some facts in the

3

narrative must put the employer on notice of the claim so to encourage potential resolution prior to formal suit, *see Sydnor v. Fairfax Cnty., Va.*, 681 F.3d 591, 593–94 (4th Cir. 2012). An unrelated claim raised for the first time in the civil action cannot proceed. *See Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009) ("[A] claim in formal litigation will generally be barred if the EEOC charge alleges discrimination on one basis, such as race, and the formal litigation claim alleges discrimination on a separate basis, such as sex."); *Bryan v. Prince George's Cnty., Md.*, No. DKC-10-2452, 2011 WL 2650759, at *3–4 (D. Md. July 5, 2011).

The formal charge makes no reference to race discrimination. Rather, it repeatedly and specifically confines the allegation to discrimination based on Ibrahim's "national origin (Ethiopian)." ECF No. 7-2 at 6. The narrative also specifically and plainly compares Starbucks' mistreatment of Ibrahim to her "non-Ethiopian" coworkers. *Id.* But because the charge does not refer to Ibrahim's race at all, it could not have put Starbucks on notice or prompted a reasonable investigation of a race-based allegation. *See Bryan,* 2011 WL 2650759, at *4; *see also Miles v. Dell, Inc.,* 429 F.3d 480, 492 (4th Cir. 2005). Accordingly, Count I must be dismissed as unexhausted.

Further, because Ibrahim cannot cure this defect, the claim must be dismissed with prejudice. To exhaust an MFEPA discrimination claim, the formal charge first must be filed with MCCR within 300 days of the discriminatory act. Md. Code Ann., State Gov't § 20-1004(c)(2). Next, the employee may file suit 180 days after filing the formal charge, but no later than two years after the discriminatory conduct took place. Md. Code Ann., State Gov't § 20-1013(a)(1); *see also Cuffee v. Verizon Commc'ns, Inc.*, 755 F. Supp. 2d 672, 678 (D. Md. 2010).

For Ibrahim, the last alleged act of discrimination took place on November 23, 2020, when Herbert issued her a notice of termination. Because more than 300 days have passed,

4

Ibrahim cannot timely advance a race-discrimination claim before MCCR. *See* Md. Code Ann., State Gov't § 20-1004(c)(2). Thus, leave to amend Count I would do nothing to cure the exhaustion defects. The count must be dismissed with prejudice. *Cf. Liggins v. G.A. & F.C. Wagman, Inc.*, No. 18-72, 2019 WL 4039637, at *3 (W.D. Va. Aug. 27, 2019) ("[I]f the plaintiff cannot exhaust his administrative remedies—for example, if he is time-barred from filing an EEOC charge—dismissal without prejudice would be futile, and the court may dismiss the claim with prejudice.").

### IV.     Conclusion

For the foregoing reasons, Starbucks' Motion to Dismiss is GRANTED and Count I of the Complaint is DISMISSED with prejudice. A separate Order follows.

7/12/2023  
Date

/S/  
Paula Xinis  
United States District Judge